**BANKERS' MORTGAGE CO. OF TOPEKA, KAN., v. RUPP et al.**

**INTERNATIONAL INV. CORPORATION OF TOPEKA, KAN., v. SAME.**

**Nos. 915, 916.**

Circuit Court of Appeals, Tenth Circuit.

Aug. 21, 1933.

Robert Stone, of Topeka, Kan. (James A. McClure, Robert L. Webb, Beryl Johnson, and Ralph W. Oman, all of Topeka, Kan., J. L. Stryker, of Fredonia, Kan., and Randal C. Harvey, of Topeka, Kan., on the brief), for appellant Bankers' Mortgage Co.

Harold M. Slater, of Topeka, Kan. (J. L. Denefe, of Topeka, Kan., on the brief), for appellant International Inv. Corporation.

Guy L. Hursh, of Topeka, Kan., for appellees.

John D. M. Hamilton, of Topeka, Kan., for receiver.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

No. 915.

This is a proceeding in equity instituted by two bondholders of the Bankers' Mortgage Company, seeking, first, to restrain the corporation, Joseph F. Kell, James A. Kell, and John A. Fleming from doing certain things; and, second, the appointment of a receiver to take charge of the properties of the corporation, to conduct its business until the further order of the court, including the prosecution of certain claims against some of its officers and stockholders, and, if necessary, to wind up the business of the corporation.

The trial court appointed two joint receivers on an ex parte application. Defendants appeared, and, after hearings consuming six days, the receivers originally named were discharged and a new one was appointed. An appeal was taken promptly from that action. The pending matter is appellant's application to stay the receivership, pending final determination of the case on its merits.

The lower court made findings of fact upon the voluminous evidence submitted. At this time and until the evidence is available to us we must assume that such findings are correct. The court found that the corporation has sold and now has outstanding in several states savings bonds in the aggregate maturity value of more than $40,000,000 on which its present liability exceeds $2,500,000; that for several years the two Kells, Fleming, and M. W. Cave, now deceased, were the owners of approximately 80 per cent. of the stock of the corporation; that for some time Joseph F. Kell has dominated and managed the corporation; that he now dominates and directs a majority of its directors and likewise a majority of its executive committee; that the Kells and Fleming are now, and for some time have been, acting in concert in the management of the business; that for some time it has been the policy of the three persons just named to conduct the company's business for their personal gain and to the detriment of other stockholders and its bondholders; that Joseph F. Kell has dealt in the bonds of the corporation to his personal advantage, using the assets of the company and the aid of J. A. Kell and Fleming to further such transactions; that he has purchased savings bonds of the corporation from their holders at a small part of their cash surrender value and then delivered them to the corporation at their full cash surrender value, and that, if the Kells and Fleming continue to participate in the management of the corporation, Joseph F. Kell, unless prevented therefrom, will continue such conduct; that according to several audits of the corporation made during the past year the Kells, Fleming, Cave, and Anna Kell, wife of Joseph F. Kell, are indebted to the corporation in a sum exceeding $100,000; that they deny such liability, but have expressed a willingness that the corporation sue them thereon in order that the matter may be determined. The court further found that, consequent upon prolonged difficulty with the blue sky departments of the several states in which the corporation operates, particularly that in the state of Kansas, it will not be permitted to continue the sale of savings bonds if the Kells and Fleming participate actively in the management of its affairs.

Although other findings were made, the foregoing résumé demonstrates that Joseph F. Kell was directing the affairs of the corporation at the time this suit was instituted; that his conduct, in which he was aided by James A. Kell and Fleming, was fraudulent; that it constituted a breach of trust injurious to the corporation and its bondholders; and that it will continue unless prevented. In these circumstances, the trial court was justified in appointing a receiver. A court of

equity has no authority to take charge of a corporation and assume management of its business through a receiver merely because of internecine differences among its officers or directors concerning the mode of conducting its affairs. To do that would constitute an unwarranted intermeddling with the affairs of the corporation. Brictson Mfg. Co. v. Close et al. (C. C. A. 8) 280 F. 297. But a court of chancery may intervene and through the appointment of a receiver depose officers and directors when it appears that they are acting, or are about to act, in such manner as to constitute fraud or a breach of trust, resulting or reasonably calculated to result in injury to the corporation and its stockholders. This case falls squarely within that doctrine, universally recognized throughout the country.

■ It is urged in support of the application that the business of the corporation is very sensitive; that it consists of the sale of contracts, commonly denominated bonds, for which the purchaser in each instance pays a specified sum either in cash or installments covering a period of years; that such bonds have a cash surrender value and a reserve value; that in the very nature of things, a business of that character depends very largely upon the confidence of its stockholders, bondholders, and the general public; that the appointment of the receiver herein endangered the business, and that, unless this court stays the receivership pending final determination of the case, such business will be further imperiled; that, on the contrary, stay of the receivership, thereby returning the corporation to the management and control of its officers, will restore confidence, and in that manner advantage the business, and that the exigent situation presenting itself should move the court to take the suggested extraordinary action. Substantially all possible harm the appointment of a receiver could do the business of the corporation—conceding its peculiarly sensitive character—has been done. Continuation of the receivership, pending final determination of the case, could not add substantially to the peril. Moreover, it is apparent that the present officers, to whom management of the business would be restored if the receivership were stayed, do not enjoy the whole-hearted confidence of the bondholders, the public, or those charged with the administration of the

Blue Sky Law in the state of Kansas; in fact, it is perfectly obvious that, so long as such officers control the corporation, the authorities in the state of Kansas will withhold the permit requisite to the sale of bonds in that state. Such fact alone demonstrates the futility of appellant's argument that an emergency exists which would be met and solved by return of the corporation to its present officers. Not only would such action fail to restore confidence, but it would render the sale of additional bonds impossible. In these circumstances, all the officers could do would be to collect upon bonds previously sold. Certainly the receiver can do that effectively. The situation is not sufficiently urgent to demand or justify the extraordinary action sought by appellant.

Accordingly, the application should be denied.

## No. 916.

■ Turning now to this case, there is much less force to the argument advanced in support of the application to stay the receivership pending final decision. The International Investment Company was organized by certain stockholders of the Bankers' Mortgage Company; it is an affiliate in the nature of a holding company. Its principal business consists in taking over real estate acquired by the mortgage company, paying therefor one-fourth in cash and three-fourths by note and mortgage, thus enabling the mortgage company to deposit such notes with the blue sky department in Kansas as security for its bonds; it was incorporated for such purpose and is not engaged in the sale of bonds.

It is not contended that a business of that character is peculiarly sensitive and dependent in an extraordinary degree upon confidence of bondholders and the public; neither is it contended that the corporation will suffer in an unusual way if the receivership is continued until the case is determined on its merits, the only contention advanced in behalf of the application being that the receiver was improvidently appointed and that to continue him will incur extra expense in the operation of the business of the corporation. Without engaging in an extended discussion, these facts fall far short of presenting a case which justifies invoking the extraordinary action sought.

This application likewise should be denied.